# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HEATHER S. CORNSILK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-002-SPS |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. She seeks attorneys' fees and costs in the amount of $6,986.60 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 22]. The Commissioner objects and urges the Court to deny the request or award a lesser amount. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded a reduced amount of attorney's fees and costs under the EAJA as the prevailing party herein.

The Commissioner's response raises two issues: (i) whether the Plaintiff should be denied attorneys' fees and costs under the EAJA because the Commissioner's position was substantially justified, and (ii) whether any attorney's fees awarded under the EAJA

should be reduced from the amount requested by the Plaintiff. The Court will address each of these issues *seriatim*.

On appeal, the Plaintiff asserted, *inter alia*, that the ALJ improperly discounted her credibility. The Commissioner asserts that her position was substantially justified because the ALJ did make credibility findings in his opinion. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). The Court disagrees. In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). And while the Commissioner may have provided a reasonable basis for the ALJ's credibility assessment on appeal, the ALJ below did not do so in the first instance. Inasmuch as it was the ALJ's obligation to provide such a reasonable basis, *see, e. g., Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence

adequately supports the ALJ's conclusion[.]"). *See also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991), it is difficult to see how anything said on appeal could justify the ALJ's failure to do so. *See Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).

What matters here is that the Plaintiff was successful in obtaining a reversal of the Commissioner's denial of benefits on the basis of one of the propositions she advanced. *See Marquez,* 2014 WL 2050754, at *2 ("Under the EAJA, 'fees generally should be awarded where the [Commissioner's] underlying action was unreasonable even if the [Commissioner] advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (10th Cir. 2002). The Court therefore concludes that the Plaintiff should be awarded attorneys' fees as the prevailing party under the EAJA. *See, e. g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.").

The Commissioner also contends that individual amounts billed by the Plaintiff's attorneys were unnecessary and excessive and that the amount of any award under the EAJA should be reduced accordingly. The Court agrees, and finds that the amount of attorneys' fees and costs sought by the Plaintiff should be reduced to $5,700. Plaintiff's counsel has submitted billing records indicating that he has expended 36.8 hours on the Plaintiff's appeal before this Court. The Commissioner argues that this amount is not reasonable.[1] *See, e. g., Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.' . . . Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]"). Specifically, the Commissioner takes issue with counsel's billing records for: (i) .8 hours in 2014 reflecting largely administrative tasks such as filing documents with the Court and calendaring deadlines, and (ii) 30.9 hours solely devoted to the opening brief (7.9 hours for outlining the administrative record and 23.1 hours for drafting and researching it). The Commissioner acknowledges that the administrative record in this case is larger than usual, at 1,528 pages, but nevertheless asserts that the total of 30.9 hours for preparing the opening brief was excessive, and should be reduced to 15 hours. The Court agrees that a reduction is in order.

---

[1] The hourly rates sought by the Plaintiff are in line with those prescribed by the Commissioner, *i. e.*, $187/hour in 2013, and $190/hour in 2014,, and $188/hour in 2015, and there is no contention by the Commissioner that they are unreasonable in this case. *See* Docket No. 22, Ex. 1; *Hospice Center of Southeastern Oklahoma, Inc. v. Sebelius*, 2013 WL 2007315, at *1 n.1 (E.D. Okla. May 13, 2013) ("The court takes judicial notice that the office of General Counsel, Region VI of the Social Security Administration has provided hourly rates consistent with the yearly average CPI-U.").

In this Circuit, typical social security appeals require, on average, twenty to forty total hours of attorney time, and the Commissioner acknowledged that the total time reflected here, 36.8 hours, is not out of that range. *See, e. g.*, *Nave v. Barnhart*, 2003 WL 22300178, at *2 (D. Kan. Oct. 7, 2003) ("[T]he typical number of hours claimed in EAJA applications in 'straightforward' disability cases is between thirty and forty[;]" collecting cases). Additionally, the Court finds nothing in this case to differentiate it from the usual work required in the average case. The Plaintiff raised three common errors on appeal: (i) failure to consider all her impairments at step four, (ii) that the ALJ improperly assessed her credibility, and (iii) improper application of the Grids. Nevertheless, it is still up to the Court to make a determination as to the reasonableness of the total fee request, specifically as to "whether the hours spent representing the Plaintiff were 'reasonably expended.'" *Truelove v. Colvin*, 2014 WL 36750, at *2 (D. Colo. Jan. 6, 2014), *citing Blum v. Stevenson*, 465 U.S. 886, 901 (1984) *and Hensley*, 461 U.S. at 437.

After a review of the arguments by the parties, as well as a review of the hours expended in light of the subject matter and difficulty of the Plaintiff's case, the Court therefore finds that 30 hours is a reasonable award for the work performed in this case, and that it shall be compensated at the hourly rate of $190, which is the 2014 hourly rate and the year counsel performed the bulk of the work in this case (billing 34.8 hours in 2014, out of the total 36.8 hours reported). *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986) ("There is no requirement, either in this court or elsewhere, that district courts identify and justify each disallowed hour."). This results in a fee award of $5,700.00.

Accordingly, IT IS ORDERED that the Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 22] is hereby GRANTED in part and that the Government is hereby ordered to pay attorneys' fees in the amount of $5,700.00 to the Plaintiff as the Prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 29th day of June, 2015.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma